Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
RYAN A. MACAIRE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| RYAN A. MACAIRE,<br><br>　　　　　Plaintiff,<br>　v.<br><br>CREDITOR IUSTUS ET REMEDIUM, LLP, D/B/A CIR LAW OFFICES, LLP, a California limited liability partnership; TARA MARIE MUREN, individually and in her official capacity,<br><br>　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

Plaintiff, RYAN A. MACAIRE, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I.  INTRODUCTION

1.　This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and

---

[1] Cal. Civil Code § 1788.1(a)(1).

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### III.  VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.  INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the Sacramento Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Joaquin County.

### V.  PARTIES

8. Plaintiff, RYAN A. MACAIRE (hereinafter "Plaintiff"), is a natural person residing in San Joaquin County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant, CREDITOR IUSTUS ET REMEDIUM, LLP, D/B/A CIR LAW OFFICES, LLP (hereinafter "CIR") is a California limited partnership engaged in the business of collecting debts in this state with its principal place of business located at: 8665 Gibbs Drive, Suite 150, San Diego, California  92123.  CIR may be served as follows: Creditor Iustus et Remedium, LLP, c/o Tara Muren, Managing Partner, 8665 Gibbs Drive, Suite 150, San Diego, California  92123.  The

principal business of CIR is the collection of debts using the mails and telephone and CIR regularly attempts to collect debts alleged to be due another. CIR is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, TARA MARIE MUREN (hereinafter "MUREN"), is a natural person and licensed attorney in the state of California and is or was an employee and/or agent of CIR at all relevant times. MUREN may be served at her current business address at: Tara Marie Muren, Creditor Iustus et Remedium, LLP, 8665 Gibbs Drive, Suite 150, San Diego, California 92123. The principal purpose of MUREN's business is the collection consumer debts due or alleged to be due another. MUREN is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. MUREN is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by HSBC Bank Nevada, N.A.(hereinafter "the alleged debt"). Plaintiff specifically denies that any debt actually exists or is owed. The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil

Code § 1788.2(f).

13. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned or otherwise transferred to Equable Ascent Financial, LLC.

14. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

15. On or about November 14, 2011, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, San Joaquin County captioned *Equable Ascent Financial, LLC v. Ryan A. Macaire*, Case No. 39-2011-00272329-CL-CL-STK (hereinafter the " *Equable v. Macaire* complaint"), which sought to collect $3,986.60 in damages, plus interest and attorney's fees according to proof.

16. A true and accurate copy of the *Equable v. Macaire* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17. The *Equable v. Macaire* complaint (Exhibit "1") falsely states that Plaintiff became indebted directly to Equable Ascent Financial, LLC.

18. The *Equable v. Macaire* complaint (Exhibit "1") falsely states that: "Plaintiff (name): EQUABLE ASCENT FINANCIAL, LLC alleges that defendant (name): RYAN MACAIRE became indebted to plaintiff within the last four years on an open book account for money due."

19. At no time has Plaintiff had an open book account with Equable Ascent Financial, LLC, nor has Plaintiff ever opened any account with Equable Ascent Financial, LLC.

20. The *Equable v. Macaire* complaint (Exhibit "1") falsely states that: "Plaintiff (name): EQUABLE ASCENT FINANCIAL, LLC alleges that defendant (name): RYAN MACAIRE became indebted to plaintiff within the last four years because an account was stated in writing between

plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff."

21. At no time was an account stated in writing between Equable Ascent Financial, LLC, and Plaintiff, nor has Plaintiff ever agreed that he was indebted to Equable Ascent Financial, LLC.

22. The *Equable v. Macaire* complaint (Exhibit "1") falsely states that "Plaintiff (name): EQUABLE ASCENT FINANCIAL, LLC alleges that defendant (name): RYAN MACAIRE became indebted to plaintiff within the last four years for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff the sum of $3,986.60."

23. At no time did Equable Ascent Financial, LLC, sell or deliver goods, wares or merchandise to Plaintiff for which Plaintiff agreed to pay Equable Ascent Financial, LLC.

24. The *Equable v. Macaire* complaint (Exhibit "1") falsely states that "Plaintiff (name): EQUABLE ASCENT FINANCIAL, LLC alleges that defendant (name): RYAN MACAIRE became indebted to plaintiff within the last four years for money lent by plaintiff to defendant at defendant's request."

25. At no time did Equable Ascent Financial, LLC, ever lend money to Plaintiff, nor has Plaintiff ever requested that Equable Ascent Financial, LLC, loan him money.

26. At no time did Plaintiff become directly indebted to Equable Ascent Financial, LLC, as alleged in the *Equable v. Macaire* complaint (Exhibit "1").

27. Plaintiff is informed and believes, and thereon alleges, that Defendants made the above-described misrepresentations in the *Equable v. Macaire* complaint (Exhibit "1") knowingly, intentionally, and as part of their pattern and practice of purposefully deceiving putative defendant debtors into believing that Equable Ascent Financial, LLC, was itself directly involved in the underlying credit transaction. In fact, and contrary to the above-described misrepresentations in the

*Equable v. Macaire* complaint (Exhibit "1"), Equable Ascent Financial, LLC, had no such involvement whatsoever, and instead its only involvement was as the remote purchaser of HSBC Bank Nevada, N.A.'s distressed debt portfolio approximately 3 years after Plaintiff allegedly made the last payment on the account and long after the account had been in default and had become dormant.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants engaged in the foregoing misconduct with the purpose of deterring Plaintiff and the unsophisticated putative debtors whom they were targeting from believing that they each had meritorious and complete defenses to the collection actions based on the fact that Defendants did not and do not have the means to prove any entitlement to the relief sought and thus of inducing such putative debtors into defaulting in the collection lawsuits.

29. Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Macaire* complaint (Exhibit "1") misrepresented the character, amount and legal status of the alleged debt.

30. Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Macaire* complaint (Exhibit "1") misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt.

31. The *Equable v. Macaire* complaint (Exhibit "1") bears the electronic signature of Defendant, MUREN.

32. The *Equable v. Macaire* complaint (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by Defendant, MUREN.

33. Plaintiff is informed and believes, and thereon alleges, that MUREN did not conduct a professional review of Plaintiff's account before drafting and filing the *Equable v. Macaire* complaint (Exhibit "1") and sending it to the Plaintiff.  *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir.

- 7 -
COMPLAINT

1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

34.     Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Macaire* complaint (Exhibit "1") misrepresented the role and involvement of legal counsel.

35.     Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Macaire* complaint (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

36.     By drafting and filing the *Equable v. Macaire* complaint (Exhibit "1"), Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken.

37.     After being served with the *Equable v. Macaire* complaint (Exhibit "1"), Plaintiff retained legal counsel to defend him, thereby incurring actual damages in the form of attorney's fees and costs.  See, *Venes v. Professional Service Bureau, Inc.*, 353 N.W.2d 671, 675 (Minn. Ct. App. 1984).

38.     As a result of Defendant's abusive debt collection practices, Plaintiff has incurred actual damages in an amount to be determined at trial.

39.     Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

### VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

40.     Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

41.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

herein.

42. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

43. Defendant, CIR, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

44. Defendant, MUREN, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

45. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

46. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. Defendants misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(B);

    d. Defendants falsely represented or implied that attorney MUREN had professionally reviewed Plaintiff's account when MUREN had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    e. Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

f. Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

g. Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10); and

h. Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

47. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff brings the second claim for relief against Defendant, CIR, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

50. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

51. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

52. Defendant, CIR, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

53. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

54. Defendant, CIR, has violated the RFDCPA. The violations include, but are not limited to, the following:

   a. CIR made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of Cal. Civil Code § 1788.17;[2]

   b. CIR misrepresented the character, amount or legal status of the alleged debt, in violation of Cal. Civil Code § 1788.17;[3]

   c. CIR misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[4]

   d. CIR falsely represented or implied that attorney MUREN had professionally reviewed Plaintiff's account when MUREN had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[5]

   e. CIR falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[6]

   f. CIR misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[7] and

   g. CIR attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[8] and

   h. CIR attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law,

---

[2] 15 U.S.C. §§ 1692e and 1692e(10).
[3] 15 U.S.C. § 1692e(2)(A).
[4] 15 U.S.C. § 1692e(2)(B).
[5] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[6] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[7] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[8] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17.[9]

55.     Defendant, CIR's, acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

56.     As a result of CIR's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

57.     As a result of CIR's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

58.     As a result of CIR's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[10]

59.     As a result of CIR's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[11]

60.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(10) and 1692f(1);

---

[9]  15 U.S.C. § 1692f(1).
[10]  15 U.S.C.§ 1692k(a)(2)(A).
[11]  15 U.S.C.§ 1692k(a)(3).

c) Declare that Defendant, CIR, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(i), 1788.14(b), 1788.16 and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[12]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[13] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
RYAN MACAIRE

---

[12] 15 U.S.C. § 1692k(a)(2)(A).
[13] 15 U.S.C. § 1692k(a)(3).

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RYAN MACAIRE, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.